# EXHIBIT A

132695664.1

IN THE UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GLORIA J. LEWIS                          §
                                         §
          Plaintiff,                     §
                                         §
v.                                       §
                                         §          Case No. _____
WALGREEN CO.,                            §
                                         §
          Defendant.                     §

## **INDEX OF STATE COURT DOCUMENTS**

| Document No. | Date Filed | Description of Document |
|---|---|---|
| 1 | | State Court Docket Sheet |
| 2 | March 7, 2022 | Plaintiff's Original Petition |
| 3 | March 23, 2022 | Affidavit of Service |
| 4 | March 30, 2022 | Defendant Walgreen Co.'s Original Answer |

132691002.2

# DOCUMENT 1

132693385.1

## Case Information

DC-22-02635 | GLORIA J. LEWIS vs. WALGREENS CO.

Case Number
DC-22-02635
File Date
03/07/2022

Court
134th District Court
Case Type
PROPERTY

Judicial Officer
TILLERY, DALE
Case Status
OPEN

## Party

PLAINTIFF
LEWIS, GLORIA J.

Active Attorneys ▾
Lead Attorney
WOOD, KRISTI
Retained

DEFENDANT
WALGREENS CO.

Address
REGISTERED AGENT PRENTICE HALL CORPORATION SYSTEM
211 E. 7TH STREET, SUITE 620
AUSTIN TX 78701

Active Attorneys ▾
Lead Attorney
GOODMAN, MARK ALAN
Retained

Attorney
DENTON, JAMIE LEE
Retained

03/07/2022 NEW CASE FILED (OCA) - CIVIL

03/07/2022 ORIGINAL PETITION ▾

ORIGINAL PETITION

03/07/2022 ISSUE CITATION

03/17/2022 CITATION▾

Served
03/21/2022

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
03/23/2022
Comment
WALGREENS CO.

03/23/2022 RETURN OF SERVICE ▾

AFFIDAVIT OF SERVICE - EXECUTED CITATION -WALGREENS CO.

Comment
AFFIDAVIT OF SERVICE - EXECUTED CITATION -WALGREENS CO.

03/30/2022 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - WALGREEN CO.

# Financial

LEWIS, GLORIA J.
Total Financial Assessment                                    $358.00
Total Payments and Credits                                    $358.00

| 3/11/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 14593-2022-DCLK | LEWIS, GLORIA J. | ($221.00) |
| 3/11/2022 | STATE CREDIT | | | ($137.00) |

## Documents

ORIGINAL PETITION

AFFIDAVIT OF SERVICE - EXECUTED CITATION -WALGREENS CO.

ORIGINAL ANSWER - WALGREEN CO.

# DOCUMENT 2

132693417.1

1 CIT ECSERVE

FILED
3/7/2022 3:10 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Paula Mountique DEPUTY

DC-22-02635

**CAUSE NO.**

| | | |
|---|---|---|
| **GLORIA J. LEWIS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | 134th   **JUDICIAL DISTRICT** |
| | § | |
| **WALGREENS CO.,** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION**
**AND JURY DEMAND**

COMES NOW GLORIA J. LEWIS, hereinafter also referred to as "Plaintiff," and files Plaintiff's Original Petition and Jury Demand complaining of WALGREENS CO., hereinafter also referred to as "Defendant," and in support thereof would respectfully show the Court the following:

**I.**
**DISCOVERY LEVEL**

This lawsuit shall be conducted under Plaintiff intends for discovery to be conducted under Level 3 of Rule 190.2 of the Texas Rules of Civil Procedure.

**II.**
**PARTIES AND SERVICE**

Plaintiff is an individual who resides in Dallas, Dallas County, Texas, and can be noticed by and through Plaintiff's attorney in charge, Kristi Wood, Thompson Law, 3300 Oak Lawn Avenue, 3rd Floor, Dallas, Texas 75219.

Defendant WALGREENS CO. is entity operating a commercial business in Dallas, Dallas County, Texas and may be served with citation at via their Registered Agent, Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever Defendant

may be found.  Plaintiff requests service by private process server. **Issuance of citation is requested.**

### III.
### JURISDICTION AND VENUE

The subject matter in controversy in this lawsuit is within the jurisdictional limits of this Court.

This Court has jurisdiction over the parties to this lawsuit because the parties to this lawsuit are Texas residents and/or regularly conduct business in Texas; the events upon which this lawsuit is based occurred in Texas; and the damages sought in this lawsuit are within the jurisdictional limits of this Court, consist of monetary relief of In order to comply with this procedural requirement, Plaintiff pleads pursuant to Tex. R. Civ. P. 47, that Plaintiff seeks monetary relief in an amount of $1,000,000.00 or more, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorneys' fees, an amount within the jurisdictional limits of this Court.

Venue in Dallas, Dallas County, Texas is proper under Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code because all of the events giving rise to this lawsuit occurred in Dallas County, Texas.

### IV.
### FACTUAL BACKGROUND

On or about May 8, 2020, Plaintiff was an invitee to Walgreens located at 8120 S. Cockrell Hill in Dallas, Texas 75236, when she slipped and fell while walking away down the hair care products aisle.   At the time of the occurrence in question, Defendant operated the premises as a business and owed Plaintiff a duty to exercise ordinary care to ensure that their premises were safe. Defendant failed to maintain their premises free of any hazards, causing Plaintiff to slip and fall.

As a direct and proximate result of the wrongful and negligent conduct of Defendant, Plaintiff suffered injuries, damages and medical expenses within the jurisdictional limits of this Court.

## V.

## CAUSES OF ACTION

### *Negligence – Premises Liability*

Plaintiff incorporates herein by reference all allegations set forth in the preceding paragraphs.

The negligence of Defendant, its employees, agents and/or representatives acting within the scope of their employment was a proximate cause of the occurrence in question and Plaintiff's injuries and damages. Defendant owned, managed and/or maintained the Premises in question and had control of the Premises. At the time of the incident, Defendant was operating a business and the premises was open to the general public for the business's purposes. The Plaintiff was on the premises as a customer of Defendant.

Defendant created the dangerous condition on the Premises that caused Plaintiff's fall and injuries and damages through the acts of its agents, employees or representatives, and/or allowed it to be created.

Defendant knew or through the exercise of due care should have known that the Premises, in the condition it was in at the time of the incident which forms the basis of this suit, posed an unreasonable risk of harm to persons on the Premises, including without limitation Plaintiff.

Defendant were negligent when they:

a.      Failed inspect the Premises for defendants and/or unreasonably dangerous conditions;

b.      Failed to make the Premises reasonably safe; and/or

c.     Failed to make safe the dangerous conditions or provide adequate warning of the

dangerous conditions for persons entering and on the Premises.

As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff sustained

bodily injuries and damages within the jurisdictional limits of this Court.

## VII.
## NOTICE OF INTENT

Plaintiff hereby gives notice to Defendant under Rule 193.7 of the Texas Rules of Civil

Procedure that Plaintiff will use any document produced by Defendant during pretrial discovery

against Defendant at any pretrial proceeding and at trial, and any such document is therefore self-

authenticated pursuant to that rule.

## VIII.
## JURY DEMAND

Plaintiff hereby requests a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to

appear and answer herein, and that this case be tried before the Court and a Jury, after which

Plaintiff recover:

a.     judgment against Defendant for Plaintiff's damages as set forth above in an amount

within the jurisdictional limits of this Court;

b.     pre-judgment interest at the maximum amount allowed by law;

c.     post-judgment interest at the maximum rate allowed by law;

d.     case costs and expenses of suit; and

e.    such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THOMPSON LAW LLP**
3300 Oak Lawn Avenue, 3rd Floor
Dallas, Texas 75219
Tel. 214/755-7777
Fax 214/716-0116

**RYAN L. THOMPSON**
State Bar No. 24046969
rthompson@triallawyers.com
**KRISTI WOOD**
State Bar No. 24076784
kwood@triallawyers.com

**ATTORNEYS FOR PLAINTIFF**

# DOCUMENT 3

## AFFIDAVIT OF SERVICE

FILED
3/23/2022 12:30 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

**State of Texas**                    **County of Dallas**                    **134th Judicial District Court**

Case Number: DC-22-02635

Plaintiff:
**Gloria J. Lewis**

vs.

Defendant:
**Walgreens Co.**

For:
Thompson Law, LLP
3300 Oak Lawn Avenue
3rd Floor
Dallas, TX 75219

Received by Dane Ray Cuppett on the 21st day of March, 2022 at 9:54 am to be served on **Walgreens Co. by serving its registered agent, Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701**.

I, Dane Ray Cuppett, being duly sworn, depose and say that on the **21st day of March, 2022** at **1:38 pm, I:**

executed to the **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition and Jury Demand** with the date of delivery endorsed thereon by me, to **Evie Lichtenwalter, Prentice Hall Corporation System** as the designated agent to accept delivery of process at the address of **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701** on behalf of **Walgreens Co.** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 21st
day of March, 2022 by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

_____
**Dane Ray Cuppett**
PSC-7114, Exp. 10/31/23

3/21/2022
_____
**Date**

**Malone Process Service, LLC**
P.O. Box 720040
Dallas, TX 75372
(877) 997-3783

Our Job Serial Number: ATX-2022003044

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2h

# DOCUMENT 4

FILED
3/30/2022 12:31 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Marissa Gomez DEPUTY

Case 3:22-cv-00869-B    Document 1-1    Filed 04/18/22    Page 16 of 22    PageID 20

## CAUSE NO. DC-22-02635

| | | |
|---|---|---|
| **GLORIA J. LEWIS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **134TH JUDICIAL DISTRICT** |
| | § | |
| **WALGREENS CO.,** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## WALGREEN CO.'S ORIGINAL ANSWER

Defendant Walgreen Co. ("Defendant") improperly named Walgreens Co. files this Original Answer and Affirmative Defenses, and in support thereof, respectfully shows the Court as follows:

## I.
## GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained in the live petition filed in this lawsuit by Dorothy Bush ("Plaintiff"), along with any other pleading seeking affirmative relief subsequently filed by Plaintiff in this lawsuit, whether amended, supplemental, and/or otherwise, and Defendant hereby demands strict proof of all allegations at the time of trial via the applicable standard(s).

## II.
## AFFIRMATIVE DEFENSES

2.      Pleading alternatively, without waiver of the foregoing, Defendant asserts the following affirmative Defenses:

## Contributory Negligence

3.      Plaintiff's claims are barred as a result of Plaintiff's own negligence, which contributed in whole or in part to Plaintiff's alleged damages.  Alternatively, Plaintiff's recovery, if any, should be reduced by the percentage of Plaintiff's contributory negligence.

## Proportionate Responsibility

4.      This action is subject to the proportionate responsibility provisions of Chapter 33 of the TEX. CIV. PRAC. & REM. CODE, including (without limitation) the requirement of §33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, settling person and responsible third-party who may be joined in the suit.

## Intervening / Superseding Cause

5.      Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Defendant.

6.      The injuries and damages Plaintiff is claiming, if any, are due, in whole or in part, to an intervening or superseding cause, or a cause unrelated to Defendant or Defendant's alleged actions or omissions.

## Preexisting Conditions

7.      The pain, injuries, and damages that Plaintiff is claiming in this case preexisted the incident made the basis of this lawsuit, and are unrelated to any alleged actions or omissions of Defendant.

## Paid or Incurred - Civil Practice & Remedies Code Section 41.0105

8.      Pursuant to Texas Civil Practice and Remedies Code Section 41.0105, Defendant asserts that recovery of the medical healthcare expenses incurred by Plaintiff, if any, is limited to

the amount actually paid by or on Plaintiff's behalf, and that this is the only amount that should be submitted to the tier of fact.

9.     Plaintiff is not entitled to recover medical charges that a provider is not entitled to be paid, and as such evidence of such charges is irrelevant to the issue of damages. Thus, only evidence of recoverable medical expenses is admissible at trial. *See generally Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011).

## Failure to Mitigate

10.     Defendant says Plaintiff has failed to mitigate her damages and Defendant is not liable for any condition resulting from the failure, if any, of Plaintiff to act as a person or persons of ordinary prudence would have acted under the same or similar circumstances in caring for and treating his alleged injuries. To the extent Plaintiff had or has coverage under a health insurance policy, hospitalization insurance policy, accident insurance policy, a "health benefit plan" as defined by Section 146.001(1) Tex. Civ. Prac. & Rem. Code, and/or any other insurance and/or indemnity coverage that would be applicable to, or provide coverage for, any of the healthcare expenses allegedly incurred by Plaintiff as a result of the alleged incident (health insurance carrier), Plaintiff failed to mitigate her alleged damages by failing to submit such healthcare expenses to her health insurance carrier and/or by failing to timely inform his health care provider of the existence of such coverage and requesting that the health care provider submit a claim for reimbursement to her health insurance carrier, thus failing to enjoy available contractual insurance company reductions. Furthermore, to the extent Plaintiff's health care provider(s) failed and/or refused to timely and directly bill Plaintiff's health insurance carrier for health care services provided to Plaintiff, when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or

incurred by or on behalf of Plaintiff.  *See* Tex. Civ. Prac. & Rem. Code § 146.003, et seq. ("Certain Claims by Health Care Service Providers Barred").  If Plaintiff does not have applicable healthcare insurance, Plaintiff failed to mitigate damages by failing to enroll for required healthcare insurance under the Patient Protections and Affordable Care Act (PPACA or "Obamacare").

### Payment

11.    Plaintiff's recovery, if any, should be reduced by the amount of the payments Plaintiff has received to compensate her for her alleged damages, if any.

### Civil Practice & Remedies Code Section 18.091

12.    To the extent same becomes applicable and necessary in this case, Defendant invokes the evidentiary requirements as set forth in Section 18.091 of the TEX. CIV. PRAC. & REM. CODE regarding all damages that fall within the scope of this provision.

13.    Specifically, alleged lost wages and loss of earning capacity must be proved in net form, after accounting for tax and other liabilities.

### Interest Limitations

14.    The amount of any pre-judgment and post-judgment interest awarded in this case against Defendant, if any, is limited and/or subject to the limitations set forth in common law, statute, state and federal constitutions, the Texas Finance Code, and/or the Texas Civil Practice and Remedies Code.

15.    Additionally and specifically, Defendant affirmatively pleads and asserts that Plaintiff's claims for prejudgment and post-judgment interest are limited by the dates and amounts set for in Section 304 of Texas Finance Code and Chapter 41 of the Texas Civil Practice and Remedies Code.

**III.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing, the Court enter a judgment that Plaintiff takes nothing by way of her claims against Defendant in this case, that all costs be taxed against Plaintiff, and that Defendant be awarded such other and further relief, both general and special, at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**FOX ROTHSCHILD, LLP**

By: _____

Mark A. Goodman
State Bar No. 08156920
mark.goodman@foxrothschild.com
Jamie-Lee Denton
State Bar No. 24105297
jdenton@foxrothschild.com
Saint Ann Court
2501 N. Harwood Street, Suite 1800
Dallas, Texas 75201
972/991-0889
972/404-0516 – Fax
**ATTORNEYS FOR DEFENDANT**
**WALGREEN CO.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of March 2022, true and correct copy of the above and foregoing document was served upon the following counsel of record:

Ryan L. Thompson                                                                 ***Via E-service***
Kristi Wood
Thompson Law LLP
3300 Oak Lawn Avenue, 3rd Floor
Dallas, Texas 75219
rthompson@triallawers.com
kwood@triallawyers.com
*Attorneys for Plaintiff*


_____
Mark A. Goodman

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Felicia Harris on behalf of Mark Goodman
Bar No. 8156920
fharris@foxrothschild.com
Envelope ID: 63098405
Status as of 3/30/2022 1:08 PM CST

Associated Case Party: GLORIAJ.LEWIS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| KRISTI WOOD | | kwood@triallawyers.com | 3/30/2022 12:31:30 PM | SENT |

Associated Case Party: WALGREENS CO.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jamie-Lee Denton | | JDenton@foxrothschild.com | 3/30/2022 12:31:30 PM | SENT |
| Mark A.Goodman | | mark.goodman@foxrothschild.com | 3/30/2022 12:31:30 PM | SENT |
| Felicia Q.Harris | | fharris@foxrothschild.com | 3/30/2022 12:31:30 PM | SENT |